IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAGY READY MIX, INC., ) | |
| NAGY TRUCKING, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. _____ |
| ) | |
| CENTRAL STATES SOUTHEAST AND ) | |
| SOUTHWEST AREAS PENSION FUND, | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO VACATE ARBITRATION AWARD

### JURISDICTION AND VENUE

1. This is a suit to vacate an arbitration award which affirmed a withdrawal liability assessment determined under the Employment Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 et seq; (specifically under ERISA §§ 4201 et seq. 29 U.S.C. §§ 1381 et seq). and issued by Central States Southeast and Southwest Areas Pension Fund ("Fund") against Nagy Ready Mix, Inc. and Nagy Trucking, Inc. (collectively "Employer").

2. The arbitration award was issued by arbitrator Lawrence Katz on October 24, 2013 in Case No. 516210062308 pending before the American Arbitration Association ("Decision").

3. The Decision was issued without hearing as the result of cross motions for summary judgment filed by Employer and the Fund.

4. This Court has jurisdiction under 29 U.S.C. § 1401(b)(2).

5. Venue is proper before this Court pursuant to 29 U.S.C. § 1132(e)(2) and 1451(d), in that the Fund is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

6. Plaintiff, Nagy Ready Mix, Inc. is incorporated and organized under the laws of the State of Michigan and is a withdrawn Employer subject to the terms and conditions of ERISA as amended by the MPPAA.

7. Plaintiff, Nagy Trucking, Inc. is incorporated and organized under the laws of the State of Michigan and is a withdrawn Employer subject to the terms and conditions of ERISA as amended by the MPPAA.

8. The Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA 29 U.S.C. §§ 1002(37) and 1301(a)(3).

## STATEMENT OF FACTS

9. Nagy Ready Mix, Inc. commenced its participation in the Fund on December 1, 1974 when it became bound to a Collective Bargaining Agreement with Teamsters Local #247, which required it to make pension contributions to the Fund on behalf of its covered employees.

10. Nagy Trucking became a participating Employer in the Fund on March 26, 1978 when it likewise became bound to a Collective Bargaining Agreement with Teamsters Local #247, which required it make pension contributions to the Fund on behalf of its covered employees.

11. On or about June 9, 2007, the Employer permanently ceased to have an obligation to contribute to the Fund and thereby effected a "complete withdrawal" within the meaning of 29 U.S.C. § 1383.

12. On or about October 18, 2007, the Fund issued a notice and demand for the payment of withdrawal liability in the amount of $3,656,058.59 to the Employer.

13. The Employer filed a Request for Review on January 15, 2008.

14. The Fund responded on May 19, 2008 declining to make any adjustments and reaffirming the assessment.

15. On May 8, 2008, the Employer filed a Demand for Arbitration.

16. Arbitrator Lawrence Katz was appointed and the matter proceeded through the discovery stages.

17. In lieu of conducting a hearing, the parties agreed to submit their dispute for resolution to Arbitrator Katz in the form of cross motions for summary judgment.

18. The cross motions for summary judgment were limited to the issue of whether the withdrawal liability assessment as imposed against Employer constituted an unconstitutional "taking" under the Fifth Amendment of the U.S. Constitution.

19. In support of its motion for summary judgment, the Employer provided a detailed analysis which demonstrated that the contributions made by the Employer on behalf of the covered employees together with the earnings on those contributions, less the payments to the participants, and the administrative expenses of the Fund, were substantially greater than the payments that would be owed in the future to the participants as well as the administrative expenses associated with same (the "Study").

20. The results of the Study were largely undisputed.

21. The results of the Study demonstrated that Employer had substantially overpaid any obligation that could reasonably be incurred by the Fund as the result of the covered service of its former employees.

22. As a result of the disproportionate relationship between the contributions and the earnings on those contributions on the one hand, and the benefits and the pro rata share of the

administrative expenses on the other hand, the Employer asserted that as applied to it, the withdrawal liability assessment constituted an unconstitutional taking in violation of the Fifth Amendment.

23. The Decision rejected Employer's argument and upheld the withdrawal liability assessment.

24. Employer asserts that the Arbitrator erred by misapplying a three factor analysis to determine whether the taking clause of the Fifth Amendment of the Constitution has been violated.

25. The three factors in question are:

- The economic impact of the regulation on the claimant.

- The extent that the regulation interferes with distinct investment back expectations of the claimant.

- The character of the governmental action.

26. The Decision should be reviewed on a *de novo* basis for questions and law and for clear error with respect to any findings of fact.

27. Employer asserts the Decision makes one or more errors of law in the application of its factual findings with respect to the proper legal standard as set forth in paragraph 25 above.

### **PRAYER FOR RELIEF**

Employer respectfully requests this Court issue a decision and order:

1. Declaring that the withdrawal liability assessment as applied to the Employer constitutes an unconstitutional taking of the Fifth Amendment of the Constitution;

2. Declare that the award of Arbitrator Lawrence Katz in Case No. 516210062308 which upholds the withdrawal liability assessment against Employer is in violation of the United States Constitution and is therefore null and void.

3. Vacating the Decision of Arbitrator Lawrence Katz in Case No. 516210062308;

4. Awarding costs, expenses and attorney fees to Plaintiff; and

5. Providing such other additional relief as it just and proper.

    Respectfully submitted,

    SULLIVAN & LEAVITT, P.C.

    /s/ *Paul E. Robinson*
    Martin J. Leavitt (P16489)
    Paul E. Robinson (P39327)
    Sullivan & Leavitt, P.C.
    Attorneys for Defendant
    22375 Haggerty Road
    Novi, Michigan 48375
    (248) 349-3980
    mjl@sullivanleavitt.com
    pr@sullivanleavitt.com

Dated: November 22, 2013